UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLORA ANTOINETTE JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2228-B |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| TRUSTEES AND/OR | § | |
| ASSIGNS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (doc. 19). For

the following reasons, the Court finds Defendant's Motion should be, and hereby is, **GRANTED**.

Accordingly, this case is **DISMISSED with prejudice**.

## I.

## BACKGROUND[1]

On December 14, 2006, Plaintiff Flora Antoinette James ("Plaintiff" or "James") purchased

the residential property located at 2418 Creekdale Drive, Garland, Texas 75044 (the "Property").

Pl.'s Am. Compl. 1. To finance the purchase, James executed a Note payable to American Sterling

Bank, in the original principal amount of $ 125,187.00. *Id*. at 2. The Note was secured by a Deed of

Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as sole nominee and

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's First Amended Complaint ("Pl.'s Am. Compl."). *See, e.g.*, *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

beneficiary of the Deed of Trust. *Id.*

On October 6, 2010, a representative of Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") informed James that Wells Fargo had become the owner of the obligation and beneficiary under the Deed of Trust. *Id.* Defendant's representative then removed the original Trustee of the Deed of Trust and appointed substitute trustees by executing an Appointment of Substitute Trustee. *Id.* The Substitute Trustee executed a Substitute Trustee's Deed, describing a non-judicial foreclosure sale to take place on February 1, 2011, with Wells Fargo as the mortgagee and mortgage servicer. *Id.* at 3. According to Plaintiff, Wells Fargo purchased the Property at the foreclosure sale. *Id.* at 4. Since the foreclosure sale, James has remained in possession of the Property. *Id.* at 1.

Plaintiff contends the Appointment of Substitute Trustee does not "explain or describe how, when, or by what authority" MERS assigned the Deed of Trust to Wells Fargo. *Id.* at 3. Plaintiff further asserts that the "Official Public Records of Dallas County, Texas" do not explain how MERS assigned the Deed of Trust to Wells Fargo. *Id.* As a result, Plaintiff challenges the legality of any assignment of the Deed of Trust to Wells Fargo, and Wells Fargo's ability to declare Plaintiff in default on the Note, accelerate the Note, appoint a Substitute Trustee, and request the Substitute Trustee to conduct a non-judicial foreclosure. *Id.* at 5.

On August 19, 2011, Plaintiff filed the present suit in the 68th Judicial District of Dallas County, Texas. On August 29, 2011, Defendant removed the action to this Court. On October 3, 2011, Plaintiff filed her First Amended Complaint alleging claims for trespass to try title, suit to quiet title, and violations of the Texas Debt Collection Practices Act, and seeking rescission of the foreclosure sale, and other declaratory relief (doc. 13). On October 31, 2011, Defendant filed the

present motion to dismiss (doc. 19). Defendant's Motion has been briefed by the parties and is now ripe for decision.

## II.

### LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule Civ. P. 8(a)(2)).

3

## III.

## ANALYSIS

A.     *Trespass to Try Title and Suit to Quiet Title*

Claims for trespass to try title and suit to quiet title provide plaintiffs with a means to address issues surrounding title of a disputed property. Trespass to try title actions are based in statute and provide "the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001. A suit to quiet title—also known as a suit to remove cloud from title—is an equitable action that clears a valid title against a defendant's invalid claim to the property. *Bell v. Bank of America Home Loan Servicing*, No. 4:11-cv-02085, 2012 WL 568755, at*6 (S.D. Tex. Feb. 21, 2012); *Swim v. Bank of America, N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *8 (N.D. Tex. Jan. 20, 2012).

To prevail in a trespass to try title action, a plaintiff must show title to the disputed property either by "(1) proving a regular chain of conveyances from the sovereign, (2) establishing superior title out of a common source, (3) proving title by limitations, or (4) proving title by prior possession coupled with proof that possession was not abandoned." *Swim*, 2012 WL 170758, at *8 (quoting *Caress v. Lira*, 330 S.W.3d 363, 364 (Tex.App.-San Antonio 2010, pet. denied). To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell*, 2012 WL 568755, at*7 (citing *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex.App.-Houston [1st Dist.] Dec. 30, 2011)). A plaintiff in a suit to quiet title action must also rely on the strength of their own title, not the weakness of the defendant's title. *Bell*, 2012 WL 568755, at*7 (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327

4

(Tex.App.-Corpus Christi 2001)).

In this case, Plaintiff premises its trespass to try title claim and suit to quiet title on the same legal justifications. Plaintiff attempts to allege superior title by relying entirely on legal theories that are either inaccurate or inapplicable in this context. Plaintiff claims she has superior title by challenging the assignment of the Deed of Trust to Defendant, and arguing Defendant could not foreclose without also being owner and holder of the Note. Pl.'s Am. Compl. 4–5.

First, Plaintiff lacks standing to challenge MERS's assignment of the Deed of Trust to Wells Fargo because she was not a party to the assignment. *See Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011). Second, even if Plaintiff did have standing to challenge the assignment, her allegations unravel once the role of MERS and Texas law are properly applied.

Recent opinions by Texas federal courts have provided much clarity on the interplay between MERS and Texas property law. In *Richardson v. CitiMortgage, Inc.*, No. 6:10cv119, 2010 WL 4818556, at *5 (E.D. Tex. 2010 Nov. 22, 2010), U.S. Magistrate Judge Judith K. Guthrie explained the role of MERS as follows:

> Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale. *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App-Eastland 2010). MERS was the nominee for Southside Bank and its successors and assigns. MERS had the authority to transfer the rights and interests in the Deed of Trust to CitiMortgage. The Plaintiffs' complaints about the role of MERS in this matter lack merit.
>
> It is further noted that the role of MERS has been the subject of federal multidistrict litigation in *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F.Supp.2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009). The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *Id*. at 1370. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *Id*. at 1370 n.6. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which

> means a "national book [entry] system for registering a beneficial interest in a security instrument . . . ." As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents.

*Richardson*, 2010 WL 4818556, at *5. In other words, MERS, as a book entry system, qualifies as a mortgagee under the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001(4). A mortgagee may authorize a mortgage servicer to administer a foreclosure on behalf of the mortgagee, so long as there is an agreement in place to do so, and proper notice is provided. *See* Tex. Prop. Code Ann. § 51.0025; *see also Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, at *4 (E.D. Tex. Nov. 16, 2011) (noting that there is no requirement in the Texas Property Code that either the mortgagee or mortgage servicer produce the original note or deed of trust before conducting a non-judicial foreclosure). MERS may also have the authority to transfer the documents in the Deed of Trust. In cases where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage." *Eskridge*, 2011 WL 2163989, at *5. In such instances, MERS may assign the Deed of Trust and the mortgagee and mortgage servicer may become the same entity, a scenario explicitly envisioned by the Texas Property Code. *See* Tex. Prop. Code. Ann. § 51.0001(3) *see also Bell v. Bank of America Home Loan Servicing*, No. 4:11-cv-02085, 2012 WL 568755, at *4 (S.D. Tex. Feb. 21, 2012).

In this case, Plaintiff alleges MERS, as beneficiary and nominee for the lender and its successors and assigns, assigned the Deed of Trust to Wells Fargo, and this was somehow improper. As explained above, MERS had the authority to assign the Deed of Trust to Defendant, and Defendant had the authority to proceed with a non-judicial foreclosure. Plaintiff's bases for alleging

6

superior title are wholly without merit. Plaintiff has, therefore, failed to state a plausible claim for relief in this regard. Her trespass to try title, and suit to quiet title claims are accordingly **DISMISSED with prejudice**.

B.    *Violations of the Texas Debt Collection Practices Act*

Plaintiff alleges Defendant's conduct violated the Texas Debt Collection Practices Act ("DCPA"). Pl.'s Am. Compl. 7. The DCPA makes unlawful, a variety of conduct by debt collectors, including "misrepresenting the character, extent, or amount of a consumer debt . . . ." Tex. Fin. Code. § 392.304. In order for a statement by a party to constitute a misrepresentation under the DCPA, the defendant must have made a false or misleading assertion. *Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 632 (N.D. Tex. 2010) (citing *Reynolds v. Sw. Bell. Tel., L.P.,* No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied).

Plaintiff's entire DCPA claim is based on its aforementioned theories that the assignment of the Deed of Trust to Defendant was unlawful, and Defendant lacked the authority to foreclose. Plaintiff argues that because the assignment was invalid and Defendant was never assigned the Note, every successive step taken by Defendant leading up to the foreclosure was invalid as well. As discussed, Plaintiff's legal theories are without merit. Plaintiff provides no other factual allegation that Defendant made any statement that might constitute a misrepresentation of the consumer debt. Plaintiff's mere conclusory statement that Defendant violated the statute is clearly insufficient to meet the pleading standard and survive a motion to dismiss pursuant to Federal Rule 12(b)(6). Accordingly, Plaintiff's claim for violation of the DCPA is **DISMISSED with prejudice**.

C.    *Declaratory Relief*

Plaintiff also seeks a variety of declaratory relief related to the assignment to Wells Fargo and

the foreclosure sale. Pl.'s Am. Compl. 6. Plaintiff specifically seeks declarations from the Court that:

> a) the Note and Deed of Trust were not lawfully and timely indorsed, transferred, and assigned from AMERICAN STERLING BANK, A MISSOURI CORPORATION, to Defendant;
>
> b) Defendant did not have the standing or legal right to declare a default in payment of the Note, accelerate the maturity of the Note, appoint a Substitute Trustee under the Deed of Trust, or request the Substitute Trustee to conduct a non-judicial foreclosure sale of the Property by, through or under the obligations created by the Note and Deed of Trust;
>
> c) the Substitute Trustee's non-judicial foreclosure sale of the Property was invalid, and the Substitute Trustee's Deed issued after the sale is void;
>
> d) Defendant has never been and is not the lawful owner of the Property; and
>
> e) the Note and the security interest embodied in the Deed of Trust were separated, and the security interest in the Property was forfeited.

Pl.'s Am. Compl. 6–7.

As discussed, *infra*, Plaintiff's arguments for declaratory relief are unsupported by the facts alleged. Plaintiff has not alleged facts that would show the assignment of the Deed of Trust to Wells Fargo was improper, or that Wells Fargo was not entitled to conduct the foreclosure sale. In fact, Plaintiff does not allege that her loan was not in default or that she was current on her mortgage payments. *See Falk v. Wells Fargo Bank*, No. Ss, 2011 WL 3702666, at *7 (N.D. Tex. 2011 Aug. 19, 2011) ("For a foreclosure sale to be set aside or cancelled, the mortgagor must tender the amounts due and owing under the note and deed of trust.") (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.-Fort Worth 1999, pet. denied)). Plaintiff provides no other factual allegation that Defendant somehow violated the Deed of Trust or that the foreclosure sale was somehow improper. Accordingly, Plaintiff's request for declaratory relief, including a rescission of the foreclosure sale, is **DISMISSED with prejudice**.

## IV.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims for trespass to try title, suit to quiet title, violations of the DCPA, and requests for declaratory relief are hereby **DISMISSED with prejudice**.

SO ORDERED.

Signed March 12, 2012

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE